FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 30, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ERICA LORAINE ELMGREN,<br><br>Defendant. | No. 2:20-cr-00172-MKD-2<br><br>ORDER DENYING THE UNITED STATES' MOTION FOR DETENTION AND SETTING MAGISTRATE CONDITIONS OF RELEASE<br><br>**ECF No. 217** |

On Tuesday, October 29, 2024, the Court conducted a hearing on the United States' Motion for Detention (ECF No. 217). Defendant was represented by Assistant Federal Defender Juliana Van Wingerden. Assistant United States Attorney Laurel Holland represented the United States.

The Court has considered the Petitions (ECF Nos. 214, 218), the Violation Reports (ECF Nos. 214-1, 218-1), the Presentence Investigation Report (ECF No. 146), and the arguments of counsel.

On October 22, 2024, the Court held an initial appearance for supervised release Violations and set the detention hearing. ECF No. 226.

Defense counsel now requests the Court order Defendant's release from the Benton County Jail on November 12, 2024, by no later than 10:00 a.m., to participate in inpatient treatment at American Behavioral Health Services ("ABHS"). ECF No. 217. ABHS will transport Defendant to treatment. *Id.*

ORDER - 1

The United States contended that if released, Defendant would present a risk of danger to the safety of the community. Defendant, through counsel, contended there are conditions the Court could impose that would reasonably assure Defendant's appearance as required and the safety of the community if released. The United States Probation/Pretrial Services Office agrees with Defendant's request for inpatient treatment.

"[Federal Rule of Criminal Procedure] 32.1(a)(6) governs release pending a hearing on a violation of probation or supervised release." Fed. R. Crim. P. 46(d). Under that Rule, the Court may release or detain a defendant pursuant to 18 U.S.C. § 3143(a), pending further proceedings. Fed. R. Crim. P. 32.1(a)(6).[1] Under that statute, such a defendant shall be detained unless "the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ." 18 U.S.C. § 3143(a)(1). If the judicial officer makes such a finding, the defendant shall be released pursuant to 18 U.S.C. § 3142(b) or (c). *Id.* This burden of clear and convincing evidence lies with the defendant. Fed. R. Crim. P. 32.1(a)(6); *see*

---

[1] Had Defendant previously appeared before this Court on alleged violations of supervised release, and had this Court imposed its own conditions of continued release pending revocation, the decision on detention would instead be governed by the provisions of 18 U.S.C. § 3148.

ORDER - 2

*United States v. Loya*, 23 F.3d 1529, 1530 (9th Cir. 1994).

      This Court has taken into account the nature and circumstances of conviction,[2] the weight of the evidence against the Defendant, as well as Defendant's history and characteristics, including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct and history relating to alcohol and drug abuse, and also criminal history, record concerning appearance at court proceedings, and the nature and seriousness of the danger to the community posed by Defendant's release.

      The United States argued that detention is proper due to Defendant's history of substance use and pretrial violations during treatment, as well as Defendant's treatment violations while in Washington Department of Corrections' custody. The Court agrees that Defendant's conduct is concerning. However, the Court finds that, given Defendant's history of substance use, Defendant's risk of danger can be mitigated by inpatient substance use treatment.

      The Court finds that Defendant has established by clear and convincing evidence conditions or a combination of conditions of release that would

---

[2] While 18 U.S.C. § 3143(a)(1) directs the Court to consider release conditions under 18 U.S.C. § 3142(c), this statute contemplates an offense charged, which is inapposite of the supervised release and post-plea contexts.

ORDER - 3

reasonably assure Defendant will not flee.  Furthermore, Defendant has established by clear and convincing evidence conditions or a combination of conditions of release that would mitigate the risk to the safety of other persons or the community that Defendant poses.

Accordingly, **IT IS ORDERED:**

1. The United States' Motion for Detention (**ECF No. 217**) is **DENIED**.

2. If a party desires that another court review this Order pursuant to 18 U.S.C. § 3145, that party shall immediately notify the Magistrate Judge and opposing counsel.  LCrR 46(k)(1).  The party shall then promptly file a motion for review before the assigned District Judge.  LCrR 46(k)(3).  If the case has not yet been assigned to a District Judge, or the assigned District Judge is unavailable, the motion shall be noted for hearing before the Chief District Judge.  *Id*.

3. **Defendant shall be temporarily released from the Benton County Jail to a representative of ABHS on Tuesday, November 12, 2024, at 10:00 AM** and shall proceed directly to and enter treatment at ABHS.

4. If Defendant leaves before or during the transport to the treatment facility, after arrival to the treatment facility, or is terminated from treatment for any reason, the treatment facility personnel shall immediately notify the United States Probation/Pretrial Services Officer, who shall in turn immediately notify the Court.

ORDER - 4

5. Defendant shall return to the custody of the United States Marshals Service upon completion or termination of treatment, absent further order of the Court.  **Counsel for Defendant is advised to monitor the timing of Defendant's release from inpatient treatment and—prior to the release date—file a motion to reopen that advises the Court as to what measures would be in place for proposed program in the community.**  Any motion to reopen shall be a maximum of four-pages in length and indicate whether opposing counsel; United States Probation/Pretrial Services; or another party with a substantial interest in the motion objects, whether a hearing is desired, and whether a supplemental pretrial services report is requested.  If the moving party, after the exercise of due diligence, is unable to determine the position of any party listed above, the moving party may in the alternative document the date; time; and manner of each effort made to determine that party's position and request the Court treat the motion as expedited and submitted without argument.  For any motion that includes a plan for substance abuse treatment, Defendant shall attach completed waivers of confidentiality permitting the United States Probation/Pretrial Services Office and the treatment provider to exchange without qualification, in any form and at any time, any and all information or records related to Defendant's conditions of release and supervision, and evaluation, treatment, and performance in the program.  **Motions in Yakima and Spokane cases shall be heard on the**

ORDER - 5

**following Wednesday docket**, **and Richland cases shall be heard on the following Thursday docket.** If the Court determines that oral argument is unnecessary on the motion, it shall be set for decision on the Court's 6:30 docket.

6. Defendant is bound over to Judge Mary K. Dimke for further proceedings.

7. While attending treatment, Defendant shall abide by the following conditions of release at all times as directed by the United States Probation/Pretrial Services Office:

**STANDARD CONDITIONS OF RELEASE**

1. Defendant shall not commit any offense in violation of federal, tribal, state, or local law. Defendant shall advise the supervising United States Probation/Pretrial Services Officer and defense counsel within one business day of any charge, arrest, or contact with law enforcement. Defendant shall not work for the United States government—or any federal, tribal, state, or local law enforcement agency—unless Defendant first notifies the supervising United States Probation/Pretrial Services Officer in the captioned matter.

2. Defendant shall immediately advise the Court and the United States Attorney in writing before any change in address.

3. Defendant shall appear at all proceedings and surrender as directed for service of any sentence imposed.

ORDER - 6

4.	Defendant shall sign and complete form A.O. 199C before being released.

5.	Defendant shall not possess a firearm, destructive device, or any dangerous weapons.

6.	Defendant shall report to the United States Probation/Pretrial Services Office before or immediately after release and shall report as often as they direct, at such times and in such manner as they direct.

7.	Defendant shall contact defense counsel at least once a week.

8.	Defendant shall refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner in conformance with Federal law.  Defendant may not use or possess marijuana, regardless of whether Defendant has been authorized medical marijuana under state law.

9.	Defendant shall surrender any passport to United States Probation/Pretrial Services and shall not apply for a new passport.

10.	Defendant is further advised it is unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year, to receive, ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition that has been shipped or transported in interstate or foreign commerce.  18 U.S.C. § 922(n).

ORDER - 7

**SPECIAL CONDITIONS OF RELEASE**

1.	Defendant shall remain in the Eastern District of Washington unless given permission by the United States Probation/Pretrial Services Office.

2.	Defendant shall notify the United States Probation/Pretrial Services Office within 24 hours of any change in address, telephone number, or employment.

3.	Defendant shall avoid all contact, direct or indirect, with any codefendants or persons who Defendant would reasonably know are or may become a victim or potential witness in the subject investigation or prosecution.

4.	Defendant shall maintain employment, or, if unemployed, shall actively seek employment and/or maintain or commence an educational program.

5.	Defendant shall submit to a substance abuse evaluation and undergo any recommended substance abuse treatment as directed by the United States Probation/Pretrial Services Office.  Prior to commencing any evaluation or treatment program, Defendant shall provide waivers of confidentiality permitting the United States Probation/Pretrial Services Office and the treatment provider to exchange without qualification, in any form and at any time, any and all information or records related to Defendant's conditions of release and

ORDER - 8

supervision, and evaluation, treatment, and performance in the program. It shall be the responsibility of defense counsel to provide such waivers.

6. Defendant shall submit to random urinalysis testing as directed by the United States Probation/Pretrial Services Office. Defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing that is required as a condition of release.

7. Defendant shall submit to a mental health evaluation and undergo any recommended treatment as directed by United States Probation/Pretrial Services. Prior to commencing any evaluation or treatment program, Defendant shall provide waivers of confidentiality permitting the United States Probation/Pretrial Services office and the treatment provider to exchange without qualification, in any form and at any time, any and all information or records related to Defendant's conditions of release and supervision, and evaluation, treatment, and performance in the program. It shall be the responsibility of defense counsel to provide such waivers.

8. Defendant shall participate in a program of GPS location monitoring. Defendant shall wear, at all times, an electronic device under the supervision of the United States Probation/Pretrial Services Office. In the event Defendant does not

ORDER - 9

respond to location monitoring or cannot be found, the United States Probation/Pretrial Services Office shall forthwith notify the United States Marshals Service, who shall immediately find, arrest, and detain the defendant.  Defendant shall pay all or part of the cost of the program based upon ability to pay as determined by the United States Probation/Pretrial Services Office.  Defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any location monitoring that is required as a condition of release.

9. Defendant shall be restricted to the approved residence at all times except for attorney visits; court appearances; case-related matters; court-ordered obligations.  Defendant may attend other essential activities as pre-approved by the United States Probation/Pretrial Services Office, including but not limited to employment; grocery shopping; primary caregiving; religious services; medical necessities; and substance abuse testing or treatment.

**IT IS SO ORDERED.**

DATED October 30, 2024.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE

ORDER - 10